HERBERT W. WOODS *vs.* BENJAMIN J. WOODS.

Waldo, 1876.—March 31, 1877.

*Mortgage.*

The mortgagee, by deed of warranty of the premises mortgaged, transfers to his grantee all his interest in the mortgage and mortgaged premises.

Neither the mortgageor nor his grantee can maintain a real action against the mortgagee nor his assignee after condition broken.

The remedy of the mortgagor or his grantee against the mortgagee or his assignee is by bill in equity.

ON REPORT.

WRIT OF ENTRY, by a representative of a mortgageor against a mortgagee.

*W. H. Fogler,* for the plaintiff.

*W. H. McLellan,* for the defendant.

APPLETON, C. J. On 10th July, 1851, Joseph Woods' conveyed the demanded premises to his son Greenleaf F. Woods, who on the same day mortgaged the same to his father. The condition

of the mortgage was, "that if the said Greenleaf F. Woods, his heirs, executors, or administrators, shall well and truly pay to the said Joseph Woods, his executors, administrators or assigns, the sum of ten dollars annually, during his natural life, and shall maintain the said Joseph and his wife Lydia for and during their natural lives, or the life of the survivor of them, provide them suitable food and clothing, medicine and medical aid, and all things necessary for their convenience and comfort both in sickness and in health, at said homestead farm, and furnish them with suitable horses and carriages, whenever they wish to ride or journey, and separate rooms to live by themselves if they prefer them, and shall provide and suffer the said Joseph's three daughters, Annie C., Mehitable and Betsey C., to have a home with him, the said Greenleaf F., so long as they remain single and unmarried, and during said single state to maintain and support them when they are sick or unable to support themselves, then this deed shall be void, otherwise to remain in full force and virtue."

Greenleaf F. Woods died May 25, 1855, leaving the plaintiff, then an infant aged three years, as his only heir.

On 3d July, 1855, Joseph Woods, the mortgagee, being upon the mortgaged premises, his son having deceased, conveyed the same by deed of warranty to the tenant; and on the same day took from him a mortgage deed to secure a bond given by him for the support of the mortgagee and his wife.

On the same day, Louisa B. Woods, the widow of Greenleaf F. Woods, in consideration of five hundred dollars paid her by Joseph Woods, released to him all her right, title, and interest in the estate of her deceased husband, with certain exceptions not material to be considered in the decision of this case, and further obligated herself by writing under seal, that neither she nor her son, Herbert W. Woods, the present plaintiff, should ever claim or demand any portion of her late husband's estate, either real or personal, and that the said Joseph, and his heirs, administrators and assigns should enjoy the same free from all claims by her or her son.

On the same day the tenant, by contract under seal agreed to pay "all the just debts and outstanding liabilities of Greenleaf F.

Woods, deceased, and to save the estate of said Greenleaf F. Woods harmless from all liability on account of the same."

The testimony of the tenant is, that he paid for his father $500 to his brother's wife; that he paid the debts of his brother Greenleaf F. Woods, amounting to over $500, and supported his father and mother, who lived to an advanced age, at an expense estimated at $3,800.

It cannot be doubted that it was the intention of Joseph Woods, by his warranty deed of July 3, 1855, to the tenant, to convey a good title to the premises therein described to the tenant, nor that the tenant, when he assumed the various obligations and liabilities, and made the payments already stated, supposed he had a good title to what was the consideration of his contracts and payments.

The son of Greenleaf F. Woods, brings this action to oust the tenant. Can it be maintained ?

The father, Joseph Woods, was upon the premises. Greenleaf F. Woods, the mortgageor, had deceased. No administrator upon his estate had been appointed. His son was a minor, of the age of three years. Two or three months had elapsed, and nothing had been done for the support of the mortgagee. The condition of the mortgage had been broken. Under these circumstances, the mortgagee being upon the premises, the arrangements of July 3, 1855, were entered into.

Joseph Woods, the mortgagee, by his deed of warranty of July 3, 1855, assigned the mortgage to the tenant. An assignment of a mortgage may be made by deed of quitclaim, such being the intent of the parties. *Crooker* v. *Jewell*, 31 Maine, 306. *Collamer* v. *Johnson*, 29 Vt. 32. *Hinds* v. *Ballou*, 44 N. H. 619. *Conner* v. *Whitmore*, 52 Maine, 185. Much more must the mortgage be regarded as assigned, when the mortgagee by deed of warranty conveys the mortgaged premises. *Ruggles* v. *Barton*, 13 Gray, 506.

The deed of warranty of the mortgagee, of the date of July 3, 1855, cannot be regarded as a release or discharge by him of his mortgage. Such a construction would be adverse to the manifest intent of all parties; for it was clearly their purpose that it should

be upheld in the hands of the assignee, who was substituted for the deceased mortgageor and has assumed and discharged his duties and liabilities and is equitably entitled to protection for his services and advances.

The tenant is in possession. No authorities need be cited to show that the mortgageor or his heir, or grantee cannot maintain a real action against the mortgagee or his assignee in possession. The remedy of the plaintiff, whatever it may be, is in equity.

*Judgment for the tenant.*

WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.

VIRGIN, J., concurred in the result.